**LEMPCO AUTOMOTIVE, INC., Plaintiff,**

v.

**LOCAL 1444, INTERNATIONAL ASSOCIATION OF MACHINISTS**

and

**District 54, International Association of Machinists, Defendants.**

Civ. A. No. 35888.

United States District Court
N. D. Ohio, E. D.

June 10, 1960.

Chas. D. Johnson, Herbert A. Spring, Jr., and James P. Garner, Baker, Hostetler & Patterson, Cleveland, Ohio, for plaintiff.

John H. Garver, Metzenbaum & Schwartz, Cleveland, Ohio, for defendants.

KALBFLEISCH, District Judge.

This is an action for a declaratory judgment to the effect that grievances with respect to merit increases of certain of plaintiff's employees are not arbitrable by the American Arbitration Association as contended by defendant labor organizations of which the employees are members. Jurisdiction of this Court arises under 29 U.S.C.A. § 185 and 28 U.S.C.A. § 2201.

On March 4, 1960, this Court, on motion of the plaintiff, granted a preliminary injunction against further arbitration proceedings by the defendants before the American Arbitration Association pending further order. On March 11, 1960, defendants filed a motion to dismiss on the ground that the controversy had become moot since the grievances included in the dispute had been terminated "and withdrawn completely and finally from the arbitration procedure mentioned." An accompanying affidavit of Nick Charo, a business agent of the defendants, states that, acting within the scope of his authority, he had taken steps which led to the final and complete termination of the grievances which are the subject of this action and "that no arbitration with respect to them has taken place, and no arbitration with respect to them will take place."

Plaintiff opposes the motion on the ground that defendants' termination of the arbitration proceedings is "nothing more than compliance with the injunction; and obviously, the question of whether grievances seeking merit increases are subject to the grievance and arbitration procedure of the union contract remains unsettled."

The Court cannot agree with plaintiff's assertion. The temporary injunction did not require defendants to terminate the grievance proceedings before the American Arbitration Association but only that they refrain from arbitrating or "taking any further steps to arbitrate, said grievances * * *." Moreover, the general question of "whether grievances seeking merit increases are subject to the grievance and arbitration procedure of the union contract" (Plaintiff's brief in opposition to motion to dismiss, page 2) is not the subject of this litigation since the charges in the complaint and the relief sought therein relate only to the grievance procedures involving the six named employees.

An action under the Declaratory Judgment Act does not lie in case of "a difference or dispute of a hypothetical or abstract character." Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 240, 57 S.Ct. 461, 81 L.Ed. 617; E. W. Bliss Co. v. Cold Metal Process Co., 6 Cir., 1939, 102 F.2d 105, 108, and if a controversy becomes moot it will be dismissed. Cyclopedia of Federal Procedure, 3d Ed., Vol. 15, page 825.

There no longer being an actual controversy between the parties herein, defendants' motion to dismiss will be sustained. In view of this ruling, plaintiff's motion for summary judgment, filed on March 14, 1960, need not be considered.